# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| BERNADETTE BERMUDEZ | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | Civil Action No. _____ |
| | § | |
| UNITED STATES | § | |
| | § | |
| *Defendant,* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

1. Plaintiff, Bernadette Bermudez, pursuant to the Federal Tort Claims Act, Title 28 U.S.C. § 2671-2680 ("FTCA") seeks money damages arising from Defendant United States for negligence in operating a government vehicle below the standard of care of a reasonably prudent driver under circumstances where the Defendant, if a private person, would be liable to the Plaintiff.

## PARTIES

2. Plaintiff is a resident of Haltom City, Texas.

3. Defendant United States of America is subject to suit for personal injury caused by the negligent and wrongful acts and omissions of employees of the Government while acting within the course and scope of their office or employment.

## JURISDICTION

4. The Court has jurisdiction over this lawsuit under § U.S.C. 1346(b) because the suit involves a claim against a federal agency of the United States for personal injury and damage to personal property caused by the negligent act of a government employee while acting within the course and scope of his office of employment with the United States Postal Service ("USPS") located at 400 N. Retta Street, Fort Worth, Texas 76111.

5.      Pursuant to the FTCA, 28 U.S.C. § 2671, *et. seq.,* the Plaintiff on or about November 27, 2018 presented her claim to the appropriate federal agency for administrative settlement under the FTCA requesting $500,000.00.  USPS failed to make a final disposition of the claim within six months after it was presented.  By letter dated June 4, 2020, Plaintiff's claim was finally denied in writing by the Tort Claims office of the USPS and was sent by certified mail to the Plaintiff. (Claim # NT201869079).  This lawsuit was timely filed.

6.      This action is timely pursuant to 28 U.S.C. § 2401(b) in that it was presented to the appropriate federal agency within two years of accrual and this action was filed within six months of receipt of the certified letter sent by the federal agency denying the claim.

## VENUE

7.      Venue is proper in this district under 28 U.S.C. § 1402(b) because the act complained of occurred in this district.  The motor vehicle accident occurred in Fort Worth, Texas.

## FACTUAL BACKGROUND

8.      On December 2, 2016 at 10:05 a.m. Plaintiff suffered multiple personal injuries requiring surgery to her right knee when Plaintiff's vehicle was struck by a van owned by defendant and driven by a USPS employee acting in the course and scope of his employment.  The collision occurred when the government delivery van was exiting a private drive attempting to turn left onto North Beach Street and crossed over three lanes of traffic striking Plaintiff's Toyota Camry on the passenger side.

9.      Christopher Abdiel Ramirez Gonzalez was an employee of defendant and was acting in the course and scope of his office or employment with USPS during the act that caused Plaintiff's injuries.

## FEDERAL TORT CLAIMS ACT

10. The act or omission of Mr. Ramirez Gonzalez was negligent.

11. Mr. Ramirez Gonzalez had a duty to exercise ordinary care and failed to yield to southbound traffic on North Beach Street and in all respects failed to act reasonably and prudently.

12. Under the laws of the State of Texas, a private person would be liable to plaintiff for this act.  Thus, under 28 U.S.C. § 2674, the United States is liable to plaintiff for her damages resulting from the personal injuries and property damage.

## DAMAGES

13. As a direct and proximate result of defendant's negligence, plaintiff suffered the following injuries and damages.

    a. Physical pain and mental anguish in the past and future.

    b. Lost earnings.

    c. Loss of earning capacity.

    d. Disfigurement in the past and future.

    e. Physical impairment in the past and future.

    f. Medical expenses in the past and future.

    g. Loss of consortium in the past and future.

    h. Loss of household services in the past and future.

    i. Property damage.

## PRAYER

14. For these reasons, plaintiff asks for judgment against defendant for the following:

    a. Actual damages of $625,000.00.

      b.      Costs of suit.

      c.      Post-judgment interest.

      d.      All other relief the Court deems appropriate.

Respectfully submitted,

**The LIDJI Firm**

*/s/ I. Scott Lidji*
I. Scott Lidji
Texas Bar No. 24000336
scott@thelidjifirm.com
Mary Jo R. Betzen
State Bar No. 24089054
maryjo@thelidjifirm.com
CARLOS G. GALLIANI
Texas Bar No. 24069752
carlos@thelidjifirm.com
Meadow Park Tower
10440 N. Central Expressway
Suite 1240
Dallas, Texas 75231
legal@thelidjifirm.com
(972) 223-7455 (Tel)
(214) 753-4751 (Fax)
(844) BADPILL (Toll free)
Website: BADPILL.COM
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

On the 1st of December, 2020, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas.

*/s/ Carlos Galliani*
**CARLOS G. GALLIANI**